# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

JIMMY JOHN DAVIS                    CIVIL ACTION NO. 3:13-cv-0797
      LA. DOC #595434
VS.                                 SECTION P

                                    JUDGE ROBERT G. JAMES

WARDEN JONES, ET AL.                MAGISTRATE JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Pro se plaintiff Jimmy John Davis, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on April 17, 2013. Plaintiff is an inmate in the

custody of Louisiana's Department of Corrections (DOC) and he is incarcerated at the River

Bend Detention Center (RBDC) in Lake Providence. He complains that he has been threatened or

verbally abused by a corrections officer and that his requests for a transfer to another prison have

been ignored. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be

granted.

### *Background*

On April 17, 2013, plaintiff, by way of a single page hand-written notice, advised the

Court of his intention to file a civil rights complaint against Warden Jones of the RBDC. [Doc.

1] In due course, he was directed to amend his complaint and utilize the form provided to

prisoners in this District for that purpose. On May 9, 2013, he submitted his complaint on the

appropriate form. He claimed that on December 2, 2012, he was suffering from headaches and

anxiety. That morning he was awakened by Corrections Officer Handy "tapping" on plaintiff's

head. Thereafter Handy "verbally assault[ed]" him and ordered him to remove some contraband

paper from the vent. Plaintiff denied placing the paper in the vent and Handy "made a lot of

threaten [sic] remarks toward my law."  Plaintiff then requested placement in Administrative

Segregation and Handy advised plaintiff that such transfers could be authorized by the lieutenant

in the hall.  Plaintiff sued Warden Jones and Officer Handy praying for transfer to a state

penitentiary and punitive damages. [Doc. 4]

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or

employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate

the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438,

440 (5th Cir.1990).  A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded this presumption,  the plaintiff must support his

claims with specific facts demonstrating a constitutional deprivation and may not simply rely on

conclusory allegations.  *Ashcroft v. Iqbal,*556 U.S.662, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

Plaintiff has adequately described the complained of situation; further amendment would serve no useful purpose.

## 2. Excessive Force

Plaintiff implies that he was the victim of excessive force when the corrections officer awoke him by "tapping" on his head.  Such a claim arises under the Eighth Amendment's prohibition of cruel and unusual punishment.  Therefore, "[w]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stadler*, 137 F.3d 836, 838 (5th Cir.1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (emphasis added)).

The Fifth Circuit provided the following as an aid to District Courts charged with the evaluation of excessive force claims:

Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include:

1. the extent of the injury suffered;

2. the need for the application of force;
3. the relationship between the need and the amount of force used;
4. the threat reasonably perceived by the responsible officials; and
5. any efforts made to temper the severity of a forceful response."

*Baldwin v. Stadler*, 137 F.3d 836, 839 (5th Cir.1998) (quoting *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir.1992)).

The Court thereafter cautioned, "these identified factors are not exclusive; each case must be judged on its own facts." *Id.*, 839.

The United States Supreme Court has held that while the malicious and sadistic use of force to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10, 112 S.Ct. at 1000 (internal quotation marks omitted).

In its application of that maxim,  the Fifth Circuit has held  "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Accepting plaintiff's allegations as true, he has not demonstrated that the force used by defendant Handy was applied maliciously and sadistically to cause harm, as is required for a viable excessive force claim. The pleadings suggest that the force –tapping on plaintiff's head– was minimal and was apparently administered in a good faith effort to arouse plaintiff from his

4

sleep.

Furthermore, plaintiff has not demonstrated that he suffered ANY injury much less a *de minimis* injury resulting from the "tapping."

Finally, plaintiff seems more troubled by the allegedly harsh, abusive, and threatening language used by the defendant prison official.  However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).  Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.

In short, plaintiff has failed to state a claim for which relief may be granted.

### 3. Transfer

Plaintiff also complained that his request for a transfer to Administrative Segregation was denied. Of course, by his own admission, Officer Handy did not deny his request; indeed, Handy merely advised plaintiff that he needed to make his request to another corrections officer. In any event, even if Handy denied his request for a transfer to Administrative Segregation, plaintiff fails to state a viable Constitutional claim. Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution, and, by extension, in any particular area of an institution.  *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Finally, in addition to his claim for punitive damages, plaintiff seeks an order transferring him to another facility. Plaintiff is an inmate in the custody of the DOC.  Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the DOC.  Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

### *Conclusion and Recommendation*

Therefore,

6

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, June 12, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE